JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02643-SSS-DTBx | Date | August 19, 2025 |
|---|---|---|---|
| Title | *Michael Tighe v. Ferrellgas Partners, L.P. et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE, DISCHARGING ORDER TO SHOW CAUSE, AND VACATING HEARING [DKTS. 21, 22]**

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Michael Tighe. [Dkt. 21, Motion]. Defendants PeopleReady, Inc. and TrueBlue, Inc. oppose. [Dkt. 39, Opp.]. This matter is fully briefed and ripe for review. [*See* Dkt. 42, Reply]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** Tighe's Motion. [Dkt. 21].

I.   BACKGROUND

This case arises out of an employment dispute between Tighe and Defendants. On October 25, 2024, Tighe filed a Complaint in California superior court alleging Labor Code violations under the California Private Attorneys General Act ("PAGA"). [Dkt. 1 ¶ 1]. On December 13, 2024, Defendants filed a Notice of Removal to this Court. [*Id.*]. In the Notice, Defendants contend the Court exercises diversity jurisdiction. [*Id.* ¶ 11]. Particularly, Defendants calculate the amount in controversy related to be at least $87,800 in penalties and

$111,375 in attorneys' fees. [*Id.* ¶¶ 68, 72]. In the present Motion, Tighe challenges the Court's exercise of diversity jurisdiction, arguing the amount in controversy is under the jurisdictional minimum.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)). A defendant may remove a case to federal court if the case could have been originally brought in federal court. 28 U.S.C. § 1441(a). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If a plaintiff contests removal, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

Tighe's Motion argues Defendants have not sufficiently shown the amount in controversy exceeds the jurisdictional minimum of $75,000. Specifically, Tighe challenges Defendants' inclusion of penalties awarded to the California Labor and Workforce Development Agency ("LWDA"), calculation of attorney's fees, application of heightened penalties, and use of 37 pay periods.

//

//

A. **LWDA's Penalties**

PAGA provides that civil penalties from a successful action must be distributed 75% to LWDA and 25% to aggrieved employees.[1] *See e.g., Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 644 (2022). Thus, Tighe contends only the 25% of penalties that he can personally recover count towards the amount in controversy. [Motion at 14–15]. Defendants, on the other hand, maintain both Tighe and LWDA's share of penalties should be included. [Opp. at 3–5].

The Ninth Circuit has yet to "squarely consider[] the issue," and district courts remain split. *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1068 (N.D. Cal. 2018). However, a "growing number of courts [] have held that the LWDA's share cannot be aggregated with the aggrieved employee's share for purposes of determining the amount in controversy." *Hesselink v. Am. Fam. Life Assurance Co. of Columbus*, No. 20-cv-02051-CJC-DFMx, 2020 WL 7768711, at *3 (C.D. Cal. Dec. 30, 2020); *see Steenhuyse*, 317 F. Supp. 3d at 1069 (collecting cases). [*See* Motion at 3–4 (collecting cases)].

Courts' differing opinions on the matter boil down to opposing interpretations of *Urbino v. Orkin Services of California, Inc.* 726 F.3d 1118 (9th Cir. 2013). In *Urbino*, the Ninth Circuit held the claims of aggrieved employees cannot be aggregated to satisfy the amount in controversy in PAGA actions. *Id*. at 1122–23. In doing so, the court held that "[t]he state, as the real party in interest, is not a citizen for diversity purposes," and thus only plaintiff's "individual interest," and not those of the other employees, may be aggregated. *Id*. "This language implies that [the state's] interest is not to be considered" in determining the amount in controversy. *Lopez v. Ace Cash Exp., Inc.*, No. 11-cv-07116-JAK-JCx, 2015 WL 1383535, at *5 (C.D. Cal. Mar. 24, 2015).

Accordingly, this Court joins the majority of other courts in declining to consider LWDA's portion of penalties toward the amount in controversy in PAGA removal actions. Thus, even accepting Defendants' other contentions that heightened penalties apply and 37 pay periods occurred, only $21,950, or 25% of

---

[1] Though recent amendments to PAGA provide for aggrieved employees to recover 35% of penalties, Tighe notes that he sent his notice of claims before June 19, 2024, so the old rate applies. [Motion at 14 n.1].

Defendants' estimated $87,800 in penalties, may count towards the amount in controversy. [*See* Dkt. 1 ¶ 68],

### B.     Attorneys' Fees

In "PAGA removal actions, only the portion of attorney's fees attributable to [plaintiff's] claims count towards the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014); *Harp v. California Cemetery & Funeral Servs., LLC*, No. 121-cv-01118-JLT-BAK, 2022 WL 1658716, at *3 (E.D. Cal. May 25, 2022) ("Instead, courts may only consider the pro rata share of attorney's fees attributable to each plaintiff in determining whether the amount in controversy is met.").

In his Motion, Tighe supplies two methodologies courts use to calculate a pro rata share of attorneys' fees. [Motion at 16–18]. Courts may divide the total amount of attorneys' fees by the number of aggrieved employees. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020). Alternatively, courts apply a "benchmark fee" of 25% of plaintiff's individual penalties. *See Evers v. La-Z-Boy Inc.*, No. 22-cv-578-LL-BLM, 2022 WL 4379311, at *3 (S.D. Cal. Sept. 22, 2022). Courts "may exercise their discretion" in choosing between the two methods. *Id*.

Defendants do not dispute the applicability of the governing law and yet eschew both methods in favor of speculating how many hours Tighe's counsel will work to prosecute his claims. [Opp. at 8–9]. The Court finds this unpersuasive. Taking 25% of Tighe's individual penalties, the Court arrives at $5,487.50 as recoverable in attorneys' fees.

*                              *                              *

In all, Defendants have at most demonstrated the amount in controversy is $27,437.50, or less than the jurisdictional amount. Accordingly, the Court does not possess diversity jurisdiction over this matter. Additionally, the Court declines to grant Tighe reasonable attorneys' fees incurred as a result of the removal because the basis for Defendants' removal was reasonable, particularly considering the split of authority on inclusion of LWDA's portion of penalties. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

//

//

## IV. CONCLUSION

The Court **GRANTS** Tighe's Motion and **REMANDS** this case to the Superior Court of the State of California for the County of Riverside. [Dkt. 21]. The pending Motion to Compel Arbitration, [Dkt. 22], is **DENIED WITHOUT PREJUDICE** and may be refiled in front of the state court. The Court **DISCHARGES** its Order to Show Cause regarding consolidation. [Dkt. 46]. The hearing on the Motion to Remand, Motion to Compel Arbitration, and Order to Show Cause scheduled on August 29, 2025 is **VACATED**. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**